UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
LOUISVILLE DIVISION

**CRIMINAL ACTION NO. 11-97-C**

**UNITED STATES OF AMERICA,**                                                                                          **PLAINTIFF,**

**V.**                          **MEMORANDUM OPINION AND ORDER**

**DAVID BROECKER,**                                                                                                        **DEFENDANT.**

\* \* \* \* \* \* \* \* \* \*

This matter is before the court on David Broecker's motion to dismiss the superseding indictment (R. 46), his renewed motion to dismiss the indictment (R. 39), and his motion in limine (R. 38). The court will deny Broecker's motion to dismiss the superseding indictment because the superseding indictment and the timing thereof do not violate Broecker's constitutional rights. The court will also deny his renewed motion to dismiss the original indictment because the court's exercise of jurisdiction is justified.  The court will grant his motion in limine in part and deny it in part because the "prior bad acts" evidence the government seeks to admit is both extrinsic to the charges in the indictment and unfairly prejudicial; however, evidence of Broecker's prior conviction is admissible for the purposes of Federal Rule of Evidence 609.

Broecker is charged in the superseding indictment with two counts of wire fraud arising out of activities allegedly taking place in Louisville, Kentucky.  He was

initially indicted on July 20, 2011, and the court declared the case complex for speedy trial purposes on November 8, 2011. A trial was scheduled to take place on June 4, 2012; however, because of a superseding indictment on May 23, 2012, the court continued the trial to July 9, 2012, to allow Broecker sufficient time to prepare a defense.

The court will not dismiss the superseding indictment because Broecker has not articulated grounds that justify such action. Broecker asserts that the superseding indictment affects his ability to exercise both his right to a speedy trial and his right to effective assistance of counsel, and that this, combined with the unfair tactical advantage the timing of the superseding indictment provides to the United States, constitutes a violation of due process. The court alleviated the timing concerns by continuing the trial on its own motion, but even if it had not, Broecker has not presented sufficient grounds to dismiss the superseding indictment.

Broecker's Sixth Amendment rights to a speedy trial and effective assistance of counsel are not affected by the substance of the superseding indictment or its timing. The trial of this action, regardless of its being continued, is well within the parameters of the Speedy Trial Act as the court, on the defendant's motion, declared the case complex and therefore outside of the normal Speedy Trial Act time limits. *See* R. 22. The defendant has provided no authority to support his assertion that his constitutional right to a speedy trial is otherwise impinged upon

solely because it is his preference to proceed to trial now despite his counsel's assertions that she could not properly prepare in light of the superseding indictment. Likewise, this conflict does not violate Broecker's right to effective counsel. In a Sixth Amendment effective-assistance inquiry, the focus is "on the adversarial process, not on the accused's relationship with his lawyer as such." *United States v. Cronic*, 466 U.S. 648, 657 n. 21 (1984). Disagreements between the defendant and his counsel do not of themselves constitute ineffective assistance; the issue in an ineffective-assistance claim is "whether counsel's assistance was reasonable considering all the circumstances," *Strickland v. Washington*, 466 U.S. 668, 688 (1984), which here include the procedural posture of the case and a defendant's stated desire to proceed despite the advice of counsel. Thus, the superseding indictment does not violate Broecker's Sixth Amendment rights.

Accordingly, this case presents no due process issue. The United States is not at fault for the tenuous relationship between the defendant and his counsel, and the defendant's assertions that the United States obtained the superseding indictment for an improper purpose, either to gain a tactical advantage or for another purpose, are unsupported by the record. As the defendant has not articulated grounds that justify dismissal of the superseding indictment, the court will deny his motion.

Broecker moved in the alternative that, should the court not dismiss the

superseding indictment, it hold the superseding indictment in abeyance pending trial on the original indictment. The court cannot do so because a superseding indictment supplants a preceding indictment to become the only indictment in force. *See United States v. Goff*, 187 Fed. App'x 486, 491 (6th Cir. 2006). While a district court may dismiss a superseding indictment where sufficient grounds exist to do so and thereby reinstate a preceding indictment, *see United States v. Garcia*, 268 F.3d 407, 410 (6th Cir. 2001), *overruled on other grounds by United States v. Leachman*, 309 F.3d 377 (6th Cir. 2002), it does not have the discretion to choose to proceed on an indictment that is superseded, just as it may not proceed on a civil complaint that is amended by a subsequent complaint. *See Parks v. Federal Express Corp.*, 1 Fed. App'x 273, 277 (6th Cir. 2001).

The same reasoning applies to Broecker's renewed motion to dismiss the original indictment; because that indictment has been supplanted by the superseding indictment, Broecker's motion is technically moot. However, as the government has responded to Broecker's motion with references to the superseding indictment, and Broecker's arguments in his renewed motion apply equally to the superseding indictment as to the original, the court will construe his motion to apply to the superseding indictment. Because the court has previously addressed and rejected Broecker's *pro se* arguments regarding the court's jurisdiction, *see* R. 23 at 1-2, it will address only those arguments which are newly made in the current motion. First, whether an interstate electronic communication takes place

and is reasonably foreseeable when a person makes a deposit into an account in Kentucky and another person withdraws those funds from that same account in Michigan is a question of fact which the government will need to prove at trial; it is not a question on which the court may make a preliminary finding of fact in a jurisdictional inquiry because such a finding would "invade the province of the ultimate factfinder." *United States v. Craft*, 105 F.3d 1123, 1126 (6th Cir. 1997). Second, that the account was not in Broecker's name and that the funds were not personally withdrawn by Broecker is not determinative, because Broecker may still be liable for wire fraud even if he operated through third parties. *See United States v. Prince*, 214 F.3d 740, 751 (6th Cir. 2000). Such a determination is also a question of fact for the jury. Neither of these arguments is sufficient to prevent this court from exercising jurisdiction, and thus the court will deny Broecker's renewed motion to dismiss the indictment.

Broecker has also moved the court to deny admission of evidence of other bad acts, including but not limited to: evidence of fraud allegedly committed from 2001 to 2004 against Jesse J. Bruce; evidence of fraud allegedly committed approximately ten years ago against the ex-husband of W.O. and four other employees of Parke Davis Pharmaceuticals; and facts underlying Broecker's March 23, 2010, *nolo contendere* plea in Genesee County, Michigan, regarding fraud allegedly committed against Michael Denton. The court will not allow the introduction of such evidence because it is extrinsic evidence that would be used to

prove that Broecker acted in conformity with such prior bad acts.

The evidence described above is extrinsic evidence subject to FRE 404(b). The superseding indictment alleges two counts of wire fraud that supposedly occurred in the Western District of Kentucky: the first against G.B. between March 2003 and April 2010 for a total of $94,000; and the second against D.B. between September 2005 and February 2010 for a total of $210,151. The evidence admissible to prove these counts is such as that listed in the superseding indictment: evidence of interstate wire communications between Broecker and the alleged victims, evidence that Broecker fraudulently induced the alleged victims to invest money, and evidence that Broecker used the money invested by the alleged victims for improper purposes. Evidence of other alleged crimes against other alleged victims, even if they follow the same methods used in the furtherance of the counts alleged in the superseding indictment, is extrinsic to the specific crimes charged: it does not arise out of the same transaction or series of transactions as the charged offenses, it is not inextricably intertwined with the evidence regarding the charged offenses, and it is not necessary to complete the story of the crimes on trial. *See United States v. Weeks*, 716 F.2d 830, 832 (11th Cir. 1983); *United States v. Barnes*, 49 F.3d 1144 (6th Cir. 1995). The alleged acts described above run parallel to the alleged crimes charged in the superseding indictment – they are similar in form and execution, but separate. They are not all parts of the "same criminal episode," but are different acts performed at different times under different

circumstances against different alleged victims. *Barnes* at 1149. Thus, the evidence described above is extrinsic evidence subject to FRE 404(b).

Such extrinsic evidence of criminal activity is inadmissible absent an enumerated exception under FRE 404(b). See *U.S. v. Davis*, 707 F.2d 880, 884 (6th Cir. 1983). Where notice of the intent to use extrinsic evidence is sufficient, as here, the court must make three more inquiries to determine whether such evidence is admissible: first, whether sufficient evidence exists that the prior act occurred; second, whether the evidence is admissible for a proper purpose under FRE 404(b); and third, whether the other acts evidence is more prejudicial than probative under FRE 403. *See United States v. Gessa*, 971 F.2d 1257, 1261-62 (6th Cir. 1992). The evidence described above is inadmissible under this test.

Setting aside concerns of remoteness or hearsay, the evidence of other acts for which Broecker has not been convicted is inadmissible. First, the court would be forced to conduct a mini-trial to determine whether the alleged acts actually occurred. The government would introduce witnesses to the alleged bad acts and Broecker would have the opportunity and obligation to cross-examine each witness; such proceedings would seriously confuse the issues before the jury regarding the actual charged conduct. Furthermore, such proceedings would practically require the defendant to testify in order to refute the other bad acts evidence presented.

Second, the government wishes to use this information for an improper purpose: it wishes to show via this evidence that Broecker acted in conformity in

7

the charged acts with his character as demonstrated by the prior bad acts. The "prior bad acts" evidence shows a propensity to act in a certain manner rather than a lack of mistake or a common scheme or plan. Even if Broecker claims as a defense, as the government asserts it believes he will, that he is not sophisticated and never meant to defraud the investors, "prior bad acts" evidence would not show absence of mistake. The evidence of fraud in those cases is the same as it is here: circumstantial and direct evidence of money taken from alleged victims that allegedly went to finance Broecker's living expenses. This case does not present an issue of mistake or accident, *see United States v. Bell*, 516 F.3d 432, 441 (6th Cir. 2008), but is instead a question of whether Broecker invested the funds obtained from alleged victims in the manner he told them he would or another legitimate manner. Likewise, the evidence is not admissible to show that the crimes charged in the indictment are part of a common scheme or plan. For such evidence to be admissible under this exception, it must prove "[s]omething more than repeated performance of the same class of crimes;" rather, it must show either "an agreement to commit a series of crimes, [ i.e.,] a 'plan,' or there must be a distinctive pattern [ i.e.,] '[t]he device used must be so unusual and distinctive as to be like a signature.'" *United States v. Joseph*, 270 Fed. App'x. 399, 404 (6th Cir. 2008) (citing *United States v. Phillips*, 599 F.2d 134, 136 (6th Cir. 1979)). Here, the evidence the United States seeks to introduce falls short of this bar. While the alleged crimes in the indictment share similarities with the alleged prior

bad acts, those similarities are not so great that they constitute a "signature crime."

Finally, though the use of "prior bad acts" evidence is generally admissible to show intent in specific intent cases, *see United States v. Wall*, 130 F.3d 739 (6th Cir. 1997); *United States v. Trujillo*, 376 F.3d 593, 605 (6th Cir. 2004), the prior bad acts evidence the government seeks to introduce is not admissible in this case because its use would be far more prejudicial than probative. *See Gessa*, 971 F.2d at 1262. The "prior bad acts" evidence the government intends to introduce is unfairly prejudicial in that it creates a substantial chance that the jury will not judge Broecker on the evidence that directly supports the government's charges, but will instead judge him based on the cumulative weight of the prior bad acts – essentially, that he must have committed the charged acts because he was involved in the prior bad acts. Furthermore, the introduction of such evidence will confuse the issues and may be potentially misleading to the jury. *See* FRE 403. The government has not alleged that it has no other means of proving the charges against Broecker, *see United States v. Stevens*, 303 F.3d 711, 713 n.3 (6th Cir. 2002); it has, at a minimum, the testimony of the victims and the associated bank records. The court therefore will not allow the government to use evidence of prior bad acts for which Broecker has not been convicted in order to prove its case. Broecker will be tried on the charges in the superseding indictment, and the United States has the burden to prove that he is guilty of the crimes charged in the

superseding indictment based on evidence that he committed those specific charged acts.

The evidence of facts underlying prior bad acts for which Broecker has been convicted is also inadmissible, for the same reasons as stated above. Likewise, any statements Broecker made in association with his *nolo contendere* plea, the circumstances surrounding that plea, and the fact that he pled *nolo contendere*, are inadmissible pursuant to FRE 410(a). However, the fact of his conviction, including the charge upon which he was convicted and the date of the conviction, is admissible strictly for purposes of FRE 609(a)(1)(b), despite his plea of *nolo contendere*. See *U.S. v. Dennis*, 532 F.Supp. 625, 627 (D.C.Mich., 1982).

Accordingly,

**IT IS ORDERED** that Broecker's motions to dismiss (R. 39, 46) are **DENIED**.

**IT IS FURTHER ORDERED** that Broecker's motion in limine is **GRANTED IN PART** and **DENIED IN PART**. The United States shall not be permitted to introduce evidence of prior bad acts; however, it may introduce the fact of his conviction for purposes of FRE 609.

Signed on June 5, 2012

Jennifer B. Coffman, Judge
United States District Court